David C. COOPER, Plaintiff—Appellant,

v.

**PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a Stock Corporation, Defendant—Appellee.**

No. 01–15879.

D.C. No. CV–97–00490–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided May 8, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

## MEMORANDUM *

David Cooper seeks long term disability benefits. Here he challenges the district court's determination that his policy was governed by ERISA and that his state law claims against the defendant were therefore preempted. We need not reach his contention that the plan in its original form was within the "safe harbor" defined by the Department of Labor regulation exempting plans to which the employer neither contributed nor endorsed from ERISA coverage. 29 C.F.R. § 2501.3–1(j) (2002). Any ERISA plan that did exist during Cooper's employment was terminated when the employer went out of busi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ness and before Cooper filed his claim. Cooper filed the claim under consideration in this case in December 1996 almost a year after the company went out of business.

Accordingly, even if there had been an ERISA plan in existence when the company was still functioning, there was no ERISA plan after it ceased doing business and Cooper continued independently to make full payment of premiums. The case is therefore controlled by our decision in *Waks v. Empire Blue Cross/Blue Shield,* 263 F.3d 872, 874 (9th Cir.2001).

The judgment of the district court is reversed and the matter is remanded to permit the appellant to pursue his state law claims.

REVERSED AND REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.